## WILLIAM SILVER *vs.* GEORGE RHODES.

In pleading on a penal statute, a proviso or exception which is part of the enacting clause must be negatived; but a subsequent exception is matter of *defence.*

The distinction is between a proviso in the description of the offence, and a subsequent exemption from the penalty.

In an action on the statute for not satisfying a judgment, the plaintiff need not aver that the money was not received from the sheriff, &c., on execution.

A writ is pleaded by its teste, number and term.

The judgment for plaintiff on a demurrer to his declaration is *quod recuperet ;* and he may either execute an inquisition, or move for an order to assess damages at bar.

ACTION on the statute for not entering satisfaction on a judgment. Narr. Demurrer.

November Term, 1837.

*New Castle County, ss.*

George Rhodes was attached to answer William Silver, of a plea of trespass on the case. And thereupon, the said William Silver, by George B. Rodney his attorney complains, for that whereas, the said George Rhodes heretofore, to wit: on the          day of          in the year of our Lord, one thousand eight hundred and thirty-one, at New Castle county, caused and procured to be sued and prosecuted out of the Court of Common Pleas of the State of Delaware, in and for New Castle county, a certain writ of capias ad respondendum, number 76 of the December term of the said court, in the year aforesaid, at the suit of the said George Rhodes, against the said William Silver and John L. Deputy, Samuel Laws, William Jamison and Jeffry Hull; and afterwards, to wit: on the thirteenth day of May, A. D. 1833, at New Castle county aforesaid, by the confession of the said William Silver, one of the said defendants, he the said George Rhodes did take and recover against the said William Silver in that suit, a judgment for the sum of one hundred dollars with costs. And whereas, afterwards, the said George Rhodes did cause a writ of scire facias to be issued, to wit: at New Castle county aforesaid, upon the judgment so as aforesaid obtained against the said William Silver, the said writ being numbered 175, to the November term of the said Superior Court, in the year 1835, upon which said suit the said George Rhodes did recover judgment on the sixteenth day of May, 1836. And the said William Silver, in fact says, that he the said George Rhodes, after the recovery of the said judgment for one hundred dollars with costs, and the judgment obtained on the said scire facias, to wit: on the thirteenth day of August, in the year 1836, at New Castle county aforesaid, received satisfaction of the sum due to him the said George Rhodes, on the said judgment

so as aforesaid obtained against the said William Silver, for one hundred dollars with costs, and also for the sum due to him on the said judgment obtained in the said scire facias. And although it was the duty of the said George Rhodes, within sixty days after such satisfaction received as aforesaid, to have caused such satisfaction to be entered upon the record of the said judgment so as aforesaid obtained against the said William Silver for "one hundred dollars with costs," according to the force and form of the statute in such case made and provided : nevertheless, the said George Rhodes, not regarding the said statute in such case made and provided, nor his duty in that behalf, but contriving and wrongfully intending unjustly to aggrieve and oppress the said William Silver in this behalf, contrary to the statute aforesaid and the laws of the land, did not, within sixty days after satisfaction received as aforesaid on the judgment last aforesaid, cause satisfaction to be entered upon the record of the said judgment ; but altogether neglected and refused so to do, and still doth neglect and refuse ; by means whereof the said William Silver hath been seriously injured in his credit, and otherwise very much prejudiced and oppressed ; to the damage of the said William Silver ; of one hundred dollars ; and therefore he brings suit.

Demurrer.

And the said George Rhodes, by J. Rogers, his attorney, comes and defends the wrong and injury when, &c., and says that the said declaration and the matters therein contained, in manner and form as the same are above stated and set forth, are not sufficient in law for the said William Silver to have or maintain his aforesaid action against the said George Rhodes and that he the said George Rhodes ; is not bound by the law of the land to answer the same ; and this he is ready to verify. Wherefore, for want of a sufficient declaration in this behalf, the said George Rhodes prays judgment, and that the said William Silver may be barred from having or maintaining his aforesaid action against him, &c. And the said George Rhodes, according to the form of the statute in such case made and provided, states and shows to the court here the following causes of demurrer to the said declaration ; that is to say : that no day or time is alledged in the said declaration at which the said writ of capias ad respondendum is supposed to have been issued ; that no judgment for costs is set out, nor is the amount of said costs specified ; that no judgment in the said writ of scire facias is set forth, nor is there any allegation of the nature of the said judgment ; that it does not appear by which of the judgments mentioned in the said declaration the sum therein stated was due ; that it is not distinctly alledged which of the said judgments was actually satisfied ; that the breach of the said decla-

ration does not declare as to which of the said judgments satisfaction was not entered on the record ; that it is not alledged that the said George Rhodes received satisfaction without any writ of execution having been issued ; and that the said declaration is in other respects uncertain, informal and insufficient.

*Rogers,* in support of the demurrer :

The party plaintiff is bound to show by his narr. that he comes within the provisions of the statute : that the defendant is liable to its penalty. (*Digest,* 485.) The act makes it obligatory on a person receiving satisfaction of a judgment, to enter satisfaction on the re‑ cord ; but it provides that the penalty shall not attach or apply to a case where the money is received on execution process. It is not enough, therefore, that the defendant received satisfaction of his judg‑ ment against the plaintiff to make him liable to this action, but he must have received it otherwise than on execution process. And al‑ though the rule is generally against averring a negative, it is univer‑ sal, that where an exception is contained in the act or clause giving a penalty, it must be negatived. (*Dwarris on Stat.* 666 ; 1 *Term. Rep.* 144.)

The act is general in its terms. Wherever a person to whom a sum of money is due by judgment receives payment, he shall enter satisfaction of such judgment on the record : then follows the proviso excluding from the operation and penalty of the act, the case of a payment on execution process ; which, whether it be a qualification, exception or restriction of the general application of the enacting clause, must be negatived, and the defendant shown not to be shelter‑ ed under it ; otherwise the plaintiff has not made out his case. The allegation is, that satisfaction was received ; but satisfaction might have been received through the sheriff ; and, if so, the plaintiff is not entitled to the penalty. Must not he negative the exception?

On the special grounds. The narr. sets out *two* judgments, and it is difficult to say which of them it is complained that the defendant did not satisfy. The confusion in the manner of stating these judg‑ ments will vitiate. Even if the averments would apply to both judg‑ ments, it may be that they are distinct ; and a failure to satisfy both would create distinct causes of action.

The judgment on the scire facias is not set forth so as to show what kind of a judgment it was ; and the original judgment is badly plead‑ ed for uncertainty as to the costs. The original writ is badly plead‑ ed without showing its date.

*Rodney,* contra :

The writ is well described by its number and term.

The allegation of the original judgment is precisely in the words of that judgment, for one hundred dollars and costs.

It was not necessary to set out any judgment on the *scire facias.* The original judgment was the one by which the money was recovered and due; and that was the judgment to be satisfied.

As to the general demurrer. This is not a proviso or exception to the enacting clause; but a limitation. The act does not extend to the case of money paid in a particular way. If the recovery is on execution process, it is beyond the range of the statute; but this is matter of defence and need not be stated and denied in the plaintiff's pleading. "The case shall not be within this section;" that is, the law is limited and restricted so as not to extend to or cover this case. (8 *Term. Rep.* 294.)

*By the Court :*

Harrington, *Justice.*—The declaration sets out both the original judgment and the judgment on the scire facias; but the breach is for neglect of duty in not satisfying the original judgment. It supposes that to be the judgment which the law imposes the obligation to satisfy; and, in our opinion, correctly. That is the judgment which fixes the defendant's liability; the other is but an award of execution process to enforce the liability. The money is due by the former, though the right to sue out execution for collecting it is given, or rather renewed, by the latter. Possibly an entry of satisfaction on the docket of the latter judgment might be a substantial compliance with the act, and a satisfaction of the former; but this is not the question now; and if such an entry were held good it would be only because it was in fact a satisfaction of the original judgment.

Was it necessary then for the plaintiff in averring that the sum due by this judgment had been paid, and no satisfaction thereof entered, to deny that the same was "received from the sheriff or other officer on execution," in order to entitle himself to his action under the statute? In pleading on statutes, the rule is much the same as in pleading upon any writing which is the foundation of the action. The plaintiff need set out no more than is necessary for his purpose unless there be some proviso or exception, parcel of the clause pleaded, which qualifies or restrains it. If so it must be pleaded, otherwise the foundation of the action is false. Thus, in the case cited from *Term Reports,* the action was on a penal statute which prohibited the impressment of certain British seamen, *unless* such seamen should have before deserted from a ship of war. The proviso here was parcel of the prohibition, and the offence could not be described without averring that the seamen impressed had not deserted. But the court distinguished between "a proviso in

the description of the offence, and a subsequent exemption from the penalty under certain circumstances;" between an exception in the *enacting* clause, and an exception in a *subsequent* clause. The reason is not because an exception is not as forcible in one clause as another, but because where it is a part of the clause which gives the action that clause cannot be declared on *truly* without showing and denying the exception. How is it here? Is this matter a proviso contained in the description of the offence, or a subsequent exemption? It is enacted, that whenever a person to whom a sum is due by judgment receives satisfaction thereof, he shall cause satisfaction to be entered within sixty days, and in default of so doing the right of action is given. This is the enacting clause, describing the offence and prescribing the remedy; and it may be pleaded truly without noticing the subsequent restriction. The act proceeds in a separate paragraph to point out the mode of entering such satisfaction; and again, in another paragraph, though in the same section, to exclude from its operation certain judgments before justices of the peace, and cases in which the sum due is received from the sheriff or other officer on execution. This appears to us clearly to be, according to Lord Mansfield's distinction, "a subsequent exemption from the penalty under certain circumstances," and therefore matter of defence, rather than "a proviso in the description of the offence," which it would be necessary for the plaintiff to aver against in his declaration.

As to the causes of special demurrer, the matters assigned are,

1st. That no day is assigned for the issuing of the capias ad respondendum in the original action at the suit of Rhodes against Silver; but that writ is described, and sufficiently described, not by its date, but by its number and term, viz: No. 76, to the December term of this court, 1831. This is sufficient. It is at least as precise and certain as a description of the writ by its date, by which we understand is meant the day on which it actually issued; though neither is the usual form of pleading a writ. The best precedents describe it by its teste, number and return term.

2d. It was also objected, that there is no judgment for costs set out, nor the amount thereof specified; and also, that the terms of the judgment on the scire facias are not set out. But the original judgment is pleaded in its terms as a "judgment for the sum of one hundred dollars with costs" without specifying the amount of costs; and as to the failure to set out the nature of the judgment on the scire facias, it is of no consequence if, as we have supposed, the original judgment is the judgment to be satisfied, and for the neglect to satisfy which the statute gives the penalty.

We, therefore, hold the declaration in this case to be sufficient, and over-rule the demurrer.

Judgment for plaintiff.

On this judgment the plaintiff executed a writ of inquiry in vacation, and recovered $10 damages; the costs of the inquisition being $23.

And at the next term, *Rogers*, for defendant, obtained a rule to show cause why that inquisition should not be set aside.

On the hearing of this rule it was objected that the inquisition ought to have been taken at bar; and that the party had no right to take it in vacation, though it was admitted that the practice had been to take either course.

*The Court* said that the 19th section of the act for establishing courts had never been considered as taking away the common law remedy by inquisition; but as affording an additional remedy by motion for an order in the nature of a writ of inquiry to assess the damages at bar. It is at the option of the party to take either remedy.

But the defendant's counsel also objected that the judgment did not authorize the inquisition, that being a judgment on a special demurrer; that it was not final.

*Per Curiam.*—The general rule is, that a *judgment* rendered on a demurrer follows the *nature of the pleading demurred to;* the judgment on a demurrer to a plea in *abatement*, if for the defendant, is, that the writ be *quashed;* if for the plaintiff, that the defendant *answer over;* and thus the form of the judgment corresponds to that of the *prayer* of judgment in the demurrer. *Gould Pl. sec.* 41, *ch.* 9.

When a demurrer is joined on any pleadings in *chief*, as on the declaration, plea in bar, or other pleading which goes to the action, the judgment *is final;* i. e., if for the plaintiff, *quod recuperet;* if for the defendant, *quod eat sine die. Id. s.* 42.

In this case the demurrer is both general and special. It concludes with a prayer, that "for want of a sufficient declaration in this behalf, the said George Rhodes prays judgment, and that the said William Silver *may be barred* from having or maintaining his aforesaid action against him," &c.

On a demurrer to the declaration the judgment for plaintiff cannot be any thing else than *quod recuperet.* Such demurrer must always go to the cause of action; for if it conclude with a prayer that the plaintiff's writ be quashed, instead of a prayer in bar, the plaintiff may treat it as a prayer for judgment in bar; and if it be found for him on joinder in demurrer, the judgment would be quod recuperet. *Gould Pl.* 477, *s.* 42.

The special demurrer is also a general demurrer.

Rule discharged.

*Rodney*, for plaintiff.
*W. H. Rogers*, for defendant.